25607. ATLANTIC COAST LINE RAILROAD CO. *v.* KNIGHT.

STEPHENS, J. 1. Where testimony which is relevant and admissible only for a limited purpose is expressly tendered and offered for that purpose, it is not error for the court to admit the testimony without stating or instructing the jury as to the limited purpose for which the testimony is relevant and admissible. On the trial of a suit for damages alleged to have been caused by destruction of the plaintiff's timber as a result of fire alleged to have been set out by the negligence of the defendant railroad company in maintaining its right of way next to its railroad-track in the condition where there was present thereon weeds and grass, dead straw, and other inflammable stuff, which caught fire from sparks emitted from one of the defendant's passing trains, it was not error for the court to admit testimony for the plaintiff that on one side of the railroad-track, a few days after the fire, there were weeds, grass, dead straw, and other inflammable stuff, where the testimony was relevant solely in rebuttal or in impeachment of the testimony of a witness for the defendant that before the fire the place referred to on the side of the railroad-track had been clear and contained nothing which was inflammable, without instructing the jury that the testimony was admitted solely for the purpose of impeachment or in rebuttal of the testimony of the defendant's witness.

2. The court did not err, over the objection that the jury was erroneously instructed that the burden of proof was upon the defendant, in instructing the jury substantially in the language of the Code, § 38-103, that

"In all civil cases the burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential. If a negation or such negative affirmance be so essential, proof of such negligence lies on the party so affirming it," where the court immediately before this charge instructed the jury that the burden of proof was upon the plaintiff, and immediately following instructed the jury that the burden of proof was upon the plaintiff, and immediately following instructed the jury that, "as stated, the burden is always upon the plaintiff." See *Mutual Life Ins. Co.* v. *Burson,* 50 *Ga. App.* 859 (4) (179 S. E. 390).

3. It does not appear to be prejudicial to the defendant as impressing the jury that "little mental conviction" is necessary to determine where the preponderance of evidence lies in a civil case, where the court on the trial of this civil case, after instructing the jury that in civil cases the preponderance of the evidence is considered sufficient to produce mental conviction, immediately instructed them that in criminal cases "a greater strength of mental conviction is held necessary in order to justify a verdict of guilty."

4. The evidence, although conflicting, was sufficient to authorize the inference that the plaintiff's timber, which was located near the right of way of the defendant's railroad-track, was damaged from fire which originated on the right of way of the defendant adjacent to its railroad-track, from the ignition of combustible and inflammable material immediately after the passing of one of the defendant's trains, and that the fire spread out from the track towards the adjacent woods in a V shape. Where the defendant introduced no evidence, in the testimony of its engineer or others, tending to show that its engine which had passed immediately before the fire did not emit sparks or was not properly safeguarded against throwing off sparks sufficient to cause the fire, the evidence authorized the inference that the plaintiff's damage was proximately caused by the alleged negligence of the defendant in maintaining its right of way adjacent to the railroad-track in a condition where it contained inflammable and combustible weeds, grass, etc., and in not safeguarding its engine, which had passed over its track immediately before the fire, against the throwing off of live coals and sparks sufficient to cause the fire, and that this caused the fire, and that the plaintiff's damage was in the amount of the verdict.

5. The evidence authorized the verdict, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED NOVEMBER 7, 1936.

*Gibbs, Symmes & Gibbs, Wilson, Bennett & Pedrick,* for plaintiff in error.

*Highsmith & Highsmith, W. Glenn Thomas,* contra.